I respectfully disagree and dissent from the conclusions reached in the majority opinion that genuine issues of material fact exist regarding whether or not Forest City Auto Parts engaged in age discrimination against Wilmot and constructively discharged Wilmot and Krywyj as a retaliatory measure. The facts are that Forest City offered to transfer both Wilmot and Krywyj, but neither accepted the transfers and instead, both quit employment. The majority asserts that, While such a hostile work environment may not meet the narrow criteria of Byrnes, supra, for a claim of age discrimination as the claimant articulated it under the direct method, this evidence can contribute to a claim of discrimination based on indirect proof.
I believe the standard of proof requires more. Despite efforts to find a factual issue, the real facts of this case are not disputed. Wilmot's performance at Store 35 failed to meet expectations and resulted in his transfer. He terminated his own employment. Krywyj, who had been offered a transfer, rejected it. Neither could establish the elements of a constructive or retaliatory discharge. Accordingly, I would affirm the judgment of the trial court.